AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Middle District of Pennsylvania

| United States of America | ) |
|---|---|
| v. | ) |
| GREGORIO PEREZ-CANCECO | ) Case No. 1:25-mj-00034 |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 23, 2025__ in the county of __York__ in the __Middle__ District of __Pennsylvania__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 USC § 1326(a) and (b)(1) | Illegal Reentry |

This criminal complaint is based on these facts:

I, Colt Detwiler, being duly sworn, do hereby depose and state as follows:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Colt Detwiler, DO, ICE
*Printed name and title*

Sworn to telephonically and signed electronically by me.

Date: 5/27/2025

_____
*Judge's signature*

City and state: Harrisburg, PA

Susan E. Schwab, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT OF PROBABLE CAUSE TO CRIMINAL COMPLAINT (CONTINUATION SHEETS)

1. I am a Deportation Officer with U.S. Immigration and Customs Enforcement (ICE) within the U.S. Department of Homeland Security (DHS). Since November 30, 2009, I have been employed with ICE. As a Deportation Officer with ICE, I have been charged with conducting investigations related to violations of the Immigration and Nationality Act, specifically foreign-born nationals that have been deported from the United States and subsequently re-entered the United States illegally. I am currently assigned to ICE Enforcement and Removal Operations, York, Pennsylvania, and my duties include investigating violations of Title 8 of the United States Code, including illegal reentry and related offenses.

2. This affidavit is based on information that I have obtained from my personal observations, witness interviews, my training and experience, review of documentary evidence, and information provided to me by other members of the investigation. Because this affidavit is submitted only for the limited purpose of establishing probable cause for a criminal

complaint and arrest warrant, it does not include all information known to the government as a result of the investigation.

3.     Based on my training and experience, and the facts set forth in this affidavit, there is probable cause to believe that a violation of Title 8, United States Code, Section 1326(a), which makes it a crime for an alien who has been previously removed, excluded, deported, or denied admission to the United States, to reenter without permission, has been committed by Gregorio PEREZ-Canceco (PEREZ-Canceco).

4.     On May 23, 2025, ICE Officers arrested PEREZ-Canceco outside his residence of 5145 Susquehanna Trail, TRL #19, York, York County, Pennsylvania, which is in the Middle District of Pennsylvania. ICE Officers transported PEREZ-Canceco to the York ICE Office, where ICE Officers conducted fingerprint checks of PEREZ-Canceco. PEREZ-Canceco's fingerprints suggested that PEREZ-Canceco, with FBI number 77936CC4, was previously removed from the United States to Mexico.

5.     On May 23, 2025, I conducted a check in the National Crime Information Center (NCIC) database for PEREZ-Canceco's criminal history, as well as his immigration history. Under the FBI number provided, 77936CC4, I discovered that PEREZ-Canceco has had multiple arrests:

    a. On June 8, 2005, York Area Regional Police Department in Pennsylvania arrested PEREZ-Canceco for false reports to law enforcement. The disposition is unknown.

    b. On July 18, 2006, PEREZ-Canceco was convicted of illegal entry.

    c. On February 10, 2017, ICE ERO York arrested PEREZ-Canceco and charged him with illegal re-entry. On June 5, 2017, in the United States District Court in the Middle District of Pennsylvania, PEREZ-Canceco was convicted of illegal reentry and was sentenced to six months of imprisonment.

6. After searching DHS databases, I also learned that PEREZ-Canceco has had multiple encounters with immigration officials:

    a. On or about June 9, 2005, ICE ERO York encountered PEREZ-Canceco and issued PEREZ-Canceco a Notice to Appear (Form I-862).

    b. On October 31, 2005, an immigration judge in York, PA ordered PEREZ-Canceco removed to Mexico.

    c. On November 1, 2005, ICE removed PEREZ-Canceco from the United States to Mexico through the Hidalgo, TX POE. A Form I-205 verifies the removal.

d. On an unknown date and an unknown location PEREZ-Canceco illegally reentered the United States without receiving prior consent from the United States Attorney General or the Department of Homeland Security.

e. On June 27, 2006, the United States Border Patrol issued PEREZ-Canceco a Form I-860 after encountering PEREZ-Canceco near Lukeville, AZ on June 25, 2006.

f. On June 27, 2006, ICE removed PEREZ-Canceco from the United States to Mexico through the Douglas, AZ POE. A Form I-296 verifies the removal.

g. On an unknown date and an unknown location PEREZ-Canceco illegally reentered the United States without receiving prior consent from the United States Attorney General or the Department of Homeland Security.

h. On June 27, 2006, the United States Border Patrol encountered PEREZ-Canceco near Douglas, AZ and issued PEREZ-Canceco a Form I-860.

i. On June 28, 2006, ICE removed PEREZ-Canceco from the United States to Mexico through the Doughlas, AZ POE. A Form I-296 verifies the removal.

j. On an unknown date and an unknown location PEREZ-Canceco illegally reentered the United States without receiving prior consent from the United States Attorney General or the Department of Homeland Security.

k. On July 1, 2006, the United States Border Patrol encountered PEREZ-Canceco near Bigfields, AZ and issued PEREZ-Canceco a Form I-860.

l. On July 2, 2006, ICE removed PEREZ-Canceco from the United States to Mexico through the Nogales, AZ POE. A Form I-296 verifies the removal.

m. On an unknown date and an unknown location PEREZ-Canceco illegally reentered the United States without receiving prior consent from the United States Attorney General or the Department of Homeland Security.

n. On July 13, 2006, the United States Border Patrol encountered PEREZ-Canceco near Nogales, AZ and issued PEREZ-Canceco a Notice and Order of Expedited Removal (Form I-860).

o. On July 18, 2006, ICE removed PEREZ-Canceco from the United States to Mexico through the Nogales, AZ POE. A Notice to Alien Ordered Removed/Departure Verification (Form I-296) verifies the removal.

p. On an unknown date and an unknown location PEREZ-Canceco illegally reentered the United States without receiving prior consent from the United States Attorney General or the Department of Homeland Security.

q. On February 10, 2017, ICE ERO York arrested PEREZ-Canceco and issued PEREZ-Canceco a Notice of Intent/Decision to Reinstate Prior Order (Form I-871).

r. On October 4, 2017, ICE removed PEREZ-Canceco from the United States to Mexico through the Hildalgo, TX POE. A Warrant of Removal/Deportation (Form I-205) verifies the removal.

s. On an unknown date and an unknown location PEREZ-Canceco illegally reentered the United States without receiving prior

consent from the United States Attorney General or the Department of Homeland Security.

7. Based on my training and experience, I know that ICE maintains a file on all aliens encountered by immigration officials. This file, known as the Alien File ("A-File"), contains documentation relating to the alien, including his/her photograph, warrants of deportation, fingerprints, documents reflecting criminal history, documents reflecting the country of citizenship, and other documents. Each alien is assigned an identification number, referred to as the "Alien Number." A search of ICE databases revealed that PEREZ-Canceco has been assigned Alien Number 097 698 394.

8. I reviewed PEREZ-Canceco's Alien File and learned the following. At the time of his most recent removal on or about October 4, 2017, PEREZ-Canceco, a native and citizen of Mexico, was served with Form I-205, bearing his photograph, right index fingerprint, and signature. On May 23, 2025, PEREZ-Canceco was fingerprinted by ICE Officers, and it was a positive match to the fingerprint on Form I-205.

9. May 23, 2025, based on my review of DHS's electronic databases and documents contained within PEREZ-Canceco's A-File, I have made the following conclusions:

    a.    PEREZ-Canceco is a citizen and national of Mexico.

    b.    This affidavit and the complaint to which it is attached correctly reflects PEREZ-Canceco's name.

    c.    PEREZ-Canceco was removed from the United States to Mexico on six prior occasions.

    d.    A search of United States Department of Homeland Security databases revealed that PEREZ-Canceco did not seek or obtain permission of the United States Attorney General, or his successor, the Secretary of the Department of Homeland Security, to re-enter as required by 8 U.S.C. § 1360(a).

## CONCLUSION

Based on the foregoing, I respectfully submit that the facts set forth in this affidavit demonstrate that there is probable cause to conclude that Gregorio PEREZ-Canceco illegally re-entered the United States after removal in violation of 8 U.S.C. §§ 1326(a) and (b)(1). I therefore

respectfully ask that the Court issue a warrant ordering his arrest for such crime.

9